1   Colin H. Murray, State Bar No. 159142
     colin.murray@bakermckenzie.com
2   Brian K. Tomkiel, State Bar No. 267253
     brian.tomkiel@bakermckenzie.com
3   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
4   San Francisco, CA  94111
    Telephone: +1 415 576 3000
5   Facsimile: +1 415 576 3099

6   Attorneys for Defendants
    SPRINT COMMUNICATIONS COMPANY L.P.,
7   SPRINT SPECTRUM L.P.,
    AND SPRINT SOLUTIONS, INC.

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13   RICHARD KNUDSEN, an individual, Qui Tam          **Case No. CV-13-4476 (CRB)**
     Plaintiff, on behalf of himself and United States
14   of America and its Federal Agencies, a public      **(Related Cases:**
     entity,                                            **CV-13-4465 (CRB); and**
15                                                      **CV-13-4542 (CRB))**
                          Plaintiffs,
16                                                      **DEFENDANTS SPRINT**
                   v.                                   **COMMUNICATIONS COMPANY L.P.,**
17                                                      **SPRINT SPECTRUM L.P., AND SPRINT**
     SPRINT COMMUNICATION COMPANY LP,                   **SOLUTIONS, INC.'S NOTICE OF**
18   SPRINT NEXTEL, SPRINT NEXTEL                        **MOTION AND MOTION TO DISMISS**
     CORPORATION, SPRINT SOLUTIONS,                      **PLAINTIFF'S COMPLAINT, AND**
19   INC., SPRINT SPECTRUM L.P., SPRINT                  **MEMORANDUM OF POINTS AND**
     SPECTRUM LIMITED PARTNERSHIP,                       **AUTHORITIES IN SUPPORT**
20   SPRINT SPECTRUM LP, NEXTEL
     COMMUNICATIONS INCORPORATED,                        **Date Action Filed: September 27, 2013**
21   NEXTEL COMMUNICATIONS OF THE MID
     ATLANTIC INCORPORATED and Does 1-                   **Date:          May 8, 2015**
22   100,                                                **Time:          10:00 a.m.**
                                                         **Courtroom: 6, 17th Floor**
23                        Defendants.                    **Before:        The Hon. Charles R. Breyer**

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on May 8, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, before The Honorable Charles R. Breyer, in Courtroom 6, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Sprint Solutions, Inc. (referred to as "Sprint") will and hereby does move this Court to dismiss the claims asserted in the Complaint filed in this action on September 27, 2013, and to dismiss the Complaint in its entirety, with prejudice and without further leave to amend, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based upon this notice of motion and the following memorandum of points and authorities, the proposed order submitted herewith, and upon such other matters as may be presented to the Court at or before the time of the hearing.

**RELIEF REQUESTED**

By this motion, Sprint requests an order pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint and each and every claim asserted in the Complaint, with prejudice.

Dated: February 3, 2015            Respectfully submitted,

                          **BAKER & McKENZIE LLP**

                          By: /s/ Brian K. Tomkiel
                               Brian K. Tomkiel
                          Attorneys for Defendants
                          SPRINT COMMUNICATIONS COMPANY L.P.,
                          SPRINT SPECTRUM L.P., and
                          SPRINT SOLUTIONS, INC.

                          .

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................. vii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

ARGUMENT ...................................................................................................... 2

I.     THE COMPLAINT DOES NOT ALLEGE A FALSE CLAIM ................................. 3

       A.     Relator Cannot Plead a False Claim By Extrapolation. ................... 4

       B.     Relator Cannot Rely on an Implied Certification Theory............................ 5

              1.     Relator fails to identify specific contractual requirements that
                     were implicated in submitting a claim under any federal
                     contract.......................................................................................... 7

              2.     The Complaint does not plead allegations creating a strong
                     inference that Sprint submitted claims for payment. ......................... 8

              3.     The Complaint does not plead with particularity allegations
                     that Sprint was not in compliance with the terms of a federal
                     contract.......................................................................................... 9

       C.     Relator At Most Alleges Mere Contract Breaches. ......................... 9

II.    THE COMPLAINT DOES NOT ADEQUATELY PLEAD SCIENTER................. 11

III.   THE COMPLAINT DOES NOT ADEQUATELY PLEAD MATERIALITY ........ 13

IV.    THE COMPLAINT DOES NOT ADEQUATELY PLEAD A
       GOVERNMENT PAYMENT ...................................................................... 14

V.     RELATOR'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ...... 14

CONCLUSION................................................................................................ 15

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

iii                                    Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..............................................................................................3, 11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).................................................................................................3

*United States ex rel. Carter v. Halliburton Co.,*
    No. 1:08CV1162, 2009 WL 2240331 (E.D. Va. July 23, 2009) .........................................5

*United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.,*
    543 F.3d 1211 (10th Cir. 2008) ....................................................................................13

*United States ex rel. Durcholz v. FKW, Inc.,*
    189 F.3d 542 (7th Cir. 1999) ............................................................................... viii, 12

*United States ex rel. Garst v. Lockheed-Martin Corp.,*
    328 F.3d 374 (7th Cir. 2003) .......................................................................................10

*Ghosh v. City of Berkeley,*
    No. C–14–2922 MMC, 2015 WL 153209 (N.D. Cal. Jan. 12, 2015)...................................... vii, 3

*Hagood v. Sonoma Cnty. Water Agency,*
    81 F.3d 1465 (9th Cir. 1996) .......................................................................................11

*United States ex rel. Haight v. Catholic Healthcare W.,*
    No. CV-01-2253-PHX-FJM, 2007 WL 2330790 (D. Ariz. Aug. 14, 2007)................................10

*Harrison v. Westinghouse Savannah River Co.,*
    176 F.3d 776 (4th Cir. 1999) .......................................................................................14

*United States ex rel. Kelly v. Serco, Inc.,*
    No. 11cv2975 WQH-RBB, 2014 WL 4988462 (S.D. Cal. Oct. 6, 2014)....................................8

*United States ex rel. Lamers v. City of Green Bay,*
    168 F.3d 1013 (7th Cir. 1999) .....................................................................................10

*Maa v. Ostroff,*
    No. 12-cv-00200-JCS, 2013 WL 1703377 (N.D. Cal. Apr. 19, 2013) .........................................13

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) ................................................................................. vii, 3

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

*United States ex rel. Modglin v. DJO Global Inc.*,
    No. CV 12-07152, --- F. Supp. 2d ---, 2014 WL 4783575 (C.D. Cal. Sept. 2,
    2014) ............................................................................................................... *passim*

*Nevijel v. North Coast Life Ins.*,
    651 F.2d 671 (9th Cir. 1981) ...........................................................................................3

*United States ex rel. Owens v. First Kuwaiti Gen. Trading Contracting Co.*,
    612 F.3d 724 (4th Cir. 2010) ..........................................................................10, 11, 12

*Seal 1 v. Seal A*,
    255 F.3d 1154 (9th Cir. 2001) .........................................................................................9

*Sealed Appellant I v. Sealed Appellee I*,
    156 F. App'x 630 (5th Cir. 2005) .......................................................................... viii, 5

*United States ex rel. Steury v. Cardinal Health, Inc.*,
    625 F.3d 262 (5th Cir. 2010) ...........................................................................................8

*United States ex rel. Stierli v. Shasta Servs., Inc.*,
    440 F. Supp. 2d 1108 (E.D. Cal. 2006)..........................................................................12

*Townsend v. Univ. of Alaska*,
    543 F.3d 478 (9th Cir. 2008) .........................................................................................14

*United States ex rel. Unite Here v. Cintas Corp.*,
    No. C 06-2413 PJH, 2008 WL 1767039 (N.D. Cal. 2008)............................... viii, 6, 11

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys, Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ................................................................................ *passim*

*Ebeid ex rel. United States v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) .................................................................................. *passim*

*United States v. Sci. Applications Int'l Corp.*,
    626 F.3d 1257 (D.C. Cir. 2010) ....................................................................................13

*United States v. Southland Mgmt. Corp.*,
    326 F.3d 669 (5th Cir. 2003) (Jones, J., concurring)......................................................12

*United States v. Southland Mgmt. Corp., Inc.*,
    95 F. Supp. 2d 629 (S.D. Miss. 2000)............................................................................12

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
    525 F.3d 370 (4th Cir. 2008) .................................................................................10, 11

*United States ex rel. Yannacopoulos v. Gen. Dynamics*,
    652 F.3d 818 (7th Cir. 2011) ........................................................................................10

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

v             Case No. CV 13 4476 (CRB)

**Statutes**

31 U.S.C. § 3729 ..................................................................................................2, 11

**Other Authorities**

Federal Acquisition Regulation 9.602 .......................................................................6

Federal Rule of Civil Procedure 12(b)(6) .............................................................. ii

Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

## SUMMARY OF ARGUMENT

Plaintiff-Relator Richard Knudsen's Complaint was unsealed in September 2014 after the United States declined to intervene.  *See* ECF Nos. 10, 11.  It is devoid of any meaningful factual allegations supporting his claim—that Sprint Communications Company L.P., Sprint Spectrum L.P., Sprint Solutions, Inc. (collectively "Sprint"), and five other affiliated Sprint entities[1] violated the False Claims Act ("FCA") by failing to perform under wireless contracts with the federal government.  Relator admittedly has no information whatsoever about Sprint's performance under any federal contracts.  He instead purports to have gained knowledge through an audit conducted by the City of Los Angeles ("City") of Sprint's separate and unrelated wireless contracts with the City.  After completion of that audit, Relator took Sprint's confidential billing and usage data regarding those contracts and authored his own 212-page report accusing Sprint of breaching the terms of its contracts with the City.

Relator's Complaint is confusing, verbose, and "rambling."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  Relator nowhere in the Complaint sets forth with clarity the factual basis for the asserted claims or the legal theory on which Relator purports to be proceeding.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996); *Gosh v. City of Berkeley*, No. C–14–2922 MMC, 2015 WL 153209, at *2.  The primary theory underlying his claims appears to be that: (i) Sprint violated various terms and conditions of its contracts with the City—an allegation for which he cites only his own self-authored report; (ii) Sprint also had contracts with the federal government; (iii) therefore, Sprint *must also have* violated the terms and conditions of its federal contracts.  This attempt to plead fraud through extrapolation is entirely speculative and fails to meet the plausibility standard of Rule 8(a), much less the particularity requirement of Rule 9(b).  *See United States ex rel. Modglin v. DJO Global Inc.*, No. CV 12-07152,

---

[1] Relator fails to distinguish at all between the Sprint entities by, for example, alleging which of the entities were parties to the agreements at issue or engaged in the conduct alleged in the Complaint. In addition, he filed proofs of service as to only three entities—Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc.  This motion is brought on behalf only of the three purportedly served entities, as the non-served entities are not parties to this case.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

--- F. Supp. 2d --- , 2014 WL 4783575, at *30 (C.D. Cal. Sept. 2, 2014); *see also Sealed Appellant I v. Sealed Appellee I*, 156 F. App'x 630, 633 (5th Cir. 2005).

The Complaint fails in any event to plead adequately any of the elements of an FCA claim, and it fails to identify a single false claim submitted by Sprint to a federal agency for payment. *See, e.g.*, *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010); *United States ex rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2008 WL 1767039 (N.D. Cal. 2008). And even if the Court were to accept Relator's speculation that Sprint failed to comply with the terms of its federal contracts and that the government nevertheless continued to pay its wireless bills over the eight-year period alleged in the Complaint, such conduct on the part of the government establishes conclusively that Sprint did not act with scienter and that the terms at issue were not material to the government's decision to pay the claims, as—with respect to the purported breaches asserted in the Complaint—the government necessarily would have known at the time if Sprint had failed to provide them. *See United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d 542, 545 (7th Cir. 1999).

The Court should dismiss the Complaint in its entirety, with prejudice.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

viii

Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.      Background and Procedural History

Sprint provides wireless service to consumers, businesses, and governmental entities. Relator is a self-described "outside consultant in . . . telecommunication rate plan optimization and contract compliance auditing."  Compl. ¶ 8.  He allegedly was engaged by the City of Los Angeles to "manage[]" and "analyze[]" "billing data and documents" produced by Sprint and other wireless carriers in response to subpoenas issued by the City Controller in 2013.  *Id.* ¶¶ 3-4.  The documents produced, as well as the Controller's ensuing audit and review, were limited to wireless services provided by Sprint to the City under two contracts (or cooperative purchasing agreements)—the California Wireless Contract ("CWC"), for use by California state agencies and local entities, *see* Compl. ¶ 37 & Ex. F, and the Western States Contracting Alliance ("WSCA"), for use by state and local entities pursuant to a "Participating Addendum" to the WSCA, *see* Compl. ¶ 39 & Ex. B.[2]  The federal government was not a party to the CWC or WSCA contracts nor did Sprint provide services to the federal government pursuant to the contracts.  Sprint instead provides services to federal entities through a General Services Administration ("GSA") contract, among others.  The GSA, CWC, and WSCA agreements are different contractual vehicles with different terms and conditions.

Relator took it upon himself to co-opt the data Sprint produced to the City in response to its subpoena and to author his own 212-page "State of California Attorney General Wireless Carrier Compliance Unpublished Undelivered Repor [sic]."  *See* Compl. Ex. A.  This unofficial "report" sets forth Relator's beliefs as to the potential claims available to the City under the California False Claims Act.  *Id.* at 15 ("objective of this audit is to estimate the potential recovery opportunities for the City of Los Angeles' Sprint wireless lines") and 79-95 ("California False Claims Act Primer").  Relator's report does not address services provided to the federal government under any federal contract nor does it purport to identify claims supposedly available to the federal government under the FCA.

---

[2] The Complaint misidentifies the WSCA contract as Exhibit E.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

1                                                                 Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

Relator filed his Complaint in September 2013, alleging that Sprint violated the FCA in providing wireless services to at least 701 "Federal Contracting Agencies, Branches, and/or Departments."  Compl. ¶ 17.[3]  The Complaint is not artfully pleaded, and it is not possible to determine from Relator's allegations the factual basis for his claims, the legal theory under the False Claims Act on which he seeks to proceed, when and to whom the alleged false claims were submitted, and whether (and when, and in what amount) they allegedly were paid.  Relator appears to assert that Sprint failed to comply with a number of alleged contractual provisions primarily by not providing the contracting entity with "best value solutions" (an alleged "best combination of performance, cost, and delivery for the system or product being acquired"), *see id.* ¶¶ 29 & n.4, 45, and optimization and other reports, *id.* ¶¶ 32, 47-48, 58-59.  In doing so, he makes only vague and scattered references to a single federal contact—the GSA contract—and to a blanket purchase agreement ("BPA") entered into by only one agency, the Department of Commerce.  At no point does he reference any legitimate federal purchasing or billing data or meaningfully describe how Sprint breached any federal contractual provisions.  He instead appears to base his allegations of federal breach of contract—and at most that is all that his allegations amount to—almost exclusively on the unsubstantiated assumption that Sprint breached the CWC and WSCA, i.e., Sprint's California state and local contracts; that Sprint's obligations are the same under its federal contracts as under the CWC and WSCA; and that Sprint accordingly must have breached its federal contracts in the same manner set forth in Relator's unofficial "compliance report."  Based on this speculation, Relator seeks treble damages in the amount of $2.7 billion.  *Id.* ¶ 17.

## ARGUMENT

To plead an FCA violation, Relator must allege "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due."  *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 997 (9th Cir. 2010); *see* 31 U.S.C. § 3729.

---

[3] Relator's Complaint is similar to complaints filed against AT&T and Verizon in related cases.  *See Knudsen v. AT&T Corp.*, 13-cv-4542 (N.D. Cal.); *Knudsen v. Cellco P'ship, d/b/a Verizon Wireless, Inc.*, 13-cv-4465 (N.D. Cal.).  Sprint incorporates herein by reference the arguments made by AT&T and Verizon in their dismissal motions filed on February 3, 2015.

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

Rule of Civil Procedure 8(a) requires Relator to allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Relator's factual allegations must be sufficiently definite to "raise a right to relief *above the speculative level* on the assumption that all of the [C]omplaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (emphasis added). The Court need not accept as true Relator's "labels and conclusions," "formulaic recitations," *id.* at 553-56, and "threadbare recitals," *Iqbal,* 556 U.S. at 663. Rule of Civil Procedure 9(b) further requires that Relator's factual allegations "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1054 (9th Cir. 2011) ("The heightened pleading standard of Rule 9(b) governs FCA claims."). Relator accordingly must plead "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso,* 637 F.3d at 1055 (quoting *Ebeid,* 616 F.3d at 998).

Relator's Complaint does not come close to meeting the foregoing requirements. As a threshold matter, it is "verbose, confusing, … almost entirely conclusory," *Nevijel v. North Coast Life Ins.*, 651 F.2d  671, 674 (9th Cir. 1981), and "largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996). Such "a complaint that lacks simplicity, conciseness and clarity . . . fails to perform the essential functions of a complaint" and is subject to dismissal." *Ghosh v. City of Berkeley*, No. C–14–2922 MMC, 2015 WL 153209, at *2 (N.D. Cal. Jan. 12, 2015); *see Cafasso,* 637 F.3d at 1059 (dismissal appropriate where complaint was "highly repetitious, or confused or consisted of incomprehensible rambling."). Nor, as set forth below, do Relator's speculative allegations satisfy either the plausibility requirements of Rule 8 or the particularity requirements of Rule 9, no matter how liberally those pleading standards are construed.

## I.      THE COMPLAINT DOES NOT ALLEGE A FALSE CLAIM.

"[T]he [FCA] attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" *Cafasso*, 637 F.3d at 1055 (quoting *United States v. Rivera,* 55 F.3d 703, 709 (1st Cir. 1995)). "[A]n actual false claim is 'the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

*sine qua non* of a[n FCA] violation.'" *Id.* (quoting *United States ex rel. Aflatooni v. Kitsap Physicians Serv.,* 314 F.3d 995, 1002 (9th Cir. 2002)).

Relator does not allege a "prototypical" false claim—that is, a claim that is "factually false," such as "an explicit lie in a claim for payment" or "overstatement of the amount due." *United States ex rel. Modglin v. DJO Global Inc.*, No. CV 12-07152, --- F. Supp. 2d --- , 2014 WL 4783575, at *14 (C.D. Cal. Sept. 2, 2014) (citing *Maa v. Ostroff*, No. 12-cv-00200-JCS, 2013 WL 1703377, at *15 n. 3 (N.D. Cal. Apr. 19, 2013).  He does not allege, for example, that Sprint charged government agencies for services not provided, or at rates other than those disclosed, or for calls not made or text messages not sent.  Relator instead—so far as Sprint can tell—attempts to plead a false claim (i) by extrapolation, based on contracts other than those at issue, (ii) by means of an implied certification theory, and (iii) by allegations that, even if they were not pure speculation on their face, would at most suggest mere breaches of contract.

### A.    Relator Cannot Plead a False Claim By Extrapolation.

Relator's Complaint is replete with allegations regarding Sprint's CWC and WSCA contracts with California state and local entities, and performance thereunder.  Relator repeatedly references and discusses those contracts and his "compliance report" and alleges that Sprint failed to satisfy a number of purported obligations to the California entities.  *See, e.g.*, Compl. ¶¶ 37-43, 45, 50, 53-54, 57-58, 67, 69, 71, 72, 78, 80, 81, 83, 88-89, 92.  Those allegations provide no basis for the claims asserted by Relator here—that is, they provide no basis for Relator to allege that Sprint breached its obligations to other entities—the federal government and approximately "701" agencies—under separate and unrelated contracts, much less to allege that Sprint submitted federal false claims.  "Allegations of claims submitted to a state program do not adequately plead the who, what, when, where, and why of claims submitted to a federal program." *Modglin*, 2014 WL 4783575, at *30.

Nor is it availing for Relator to assume further that Sprint must have breached the GSA contract in the same manners and at the same rates that it allegedly breached the state contracts, i.e., to simply lift the "findings' from his "compliance report" about entirely unrelated state contracts and apply them to the federal contract or Department of Commerce BPA to generate an "estimated" rate

of federal noncompliance.  In paragraph 83 of the Complaint, for example, Relator uses his "Contract Performance Failure Rates found at the CITY of Los Angeles" to allege how many times Sprint would have failed to provide those same services to federal purchasers (regardless of whether the GSA or any other federal contract actually required them).  In paragraph 80, Relator alleges that he identifies six ways in his "compliance report" in which he believes Sprint breached its contracts *with the City*, then estimates how much *the City* could have recovered for his alleged violations, then, remarkably, alleges the *federal government's* damages by simply multiplying his estimated number of federal lines of service by the *City's* estimated per-line recovery for alleged violations of the *City's* contracts.  The Complaint is replete with other, similar allegations.  *See, e.g.*, Compl. ¶¶ 67, 73, 81(a), 81(b).  Elsewhere, in paragraphs 54, 57-58, and 85-89, Relator alleges contractual commitments purportedly owed by Sprint to the *City*, and then concludes that Sprint breached those commitments in the *federal* contract.

This is not fact-based pleading, as there are no facts alleged to support Relator's allegations. This is guesswork that lacks the plausibility Rule 8(a) requires and the particularity Rule 9(b) requires.  Allegations like these, "based on . . . extrapolations and good faith belief," are "simply not sufficient." *Sealed Appellant I v. Sealed Appellee I*, 156 F. App'x 630, 633 (5th Cir. 2005) (affirming dismissal of FCA claim where relator extrapolated from one-year audit to conclude defendant must have continued submitting false claims for payment after audit end date); *see United States ex rel. Carter v. Halliburton Co.*, No. 1:08CV1162, 2009 WL 2240331, at *9 (E.D. Va. July 23, 2009) ("It is clear that, with this claim, Relator is merely extrapolating from his personal knowledge about two specific sites in Iraq to obtain discovery regarding all of Defendant's other sites in Iraq . . . .  The Court will not allow these unsupported claims, regarding which Relator possessed no pre-discovery information, to continue.").

### B.    Relator Cannot Rely on an Implied Certification Theory.

In addition to relying on pure speculation, which does not satisfy the requisite pleading standards, the Complaint also appears to rely necessarily on a legal theory that will not support the claims:  a theory of implied certification.  That theory has no application in these circumstances—it

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

is simply an attempt to disguise what, at most, would be a breach of contract claim if Relator had actually pleaded any facts supporting a breach of any federal contracts.[4]

"There are two types of false certification claims—expressly false certification and impliedly false certification." *Modglin*, 2014 WL 4783575, at *14 (citing *United States ex rel. Hopper v. Anton,* 91 F.3d 1261, 1266 (9th Cir. 1996)). Relator does not allege express certification—that Sprint expressly certified "compliance with a law, rule or regulation [or any federal contract] as part of the process through which the claim for payment is submitted. " *Ebeid*, 616 F.3d at 998. If relying on a certification theory, then, Relator must state a claim of implied certification. "Implied false certification occurs when an entity has previously undertaken to expressly comply with a law, rule, or regulation, and that obligation is implicated by submitting a claim for payment even though a certification of compliance is not required in the process of submitting the claim." *Id.*

As a threshold matter, *Ebeid* and subsequent Ninth Circuit cases strongly suggest that the false certification theory applies only when a defendant expressly undertakes to comply with a "law, rule, or regulation," as opposed to a contractual term. *See, e.g., Cafasso*, 637 F.3d at 1056 ("We recently held that a request for reimbursement that falsely implied compliance with federal rules could constitute a false claim."); *Ebeid*, 616 F.3d at 998 ("Implied false certification occurs when an entity has previously undertaken to expressly comply with a law, rule, or regulation . . ."). This position is consistent with the principle that a mere breach of contract does not give rise to an FCA claim. *See infra* Part I.C.; *see also Cafasso*, 637 F.3d at 1057 (defendant's decision to withhold benefit promised under government contract while receiving payments under contract "might be a breach of contract, but not a fraudulent claim"). Relator does not allege that Sprint expressly (or even impliedly) certified compliance with a law, rule, or regulation each time it submitted a bill to a purchasing entity. *Cf. United States ex rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2008 WL 1767039, at *10 (N.D. Cal. 2008) ("Unite Here never alleges that Cintas certified that it had complied with the SCA, and also never alleges a single instance where the government required

---

[4] Relator does not attempt to plead a claim for breach of contract, ands does not allege facts that would sufficiently plead one; nor, of course, would Relator, a non-party to the contract, have standing to assert such a claim.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

certification.  Thus, Unite Here cannot proceed under an 'implied certification' theory.").  The only "law, rule, or regulation" that he cites, in fact, is Federal Acquisition Regulation Subpart 9.602, which has nothing to do with Sprint's federal contracts.[5]

Relator's claims fail, even if the implied certification theory were extended—as it has not been here—to certifications of compliance with government contracts.  Relator is left to contend under that theory that the wireless bills submitted to the government for services were false solely because, by the mere act of submitting the bills for payment, Sprint certified to the government that it was in full compliance with the terms of the contract when, in fact, it (purportedly, based on sheer speculation) was not.  The allegations of the Complaint do not plead any such claim with the plausibility or particularity required by Rules 8 and 9(b), respectively:

> To survive a Rule 9(b) motion to dismiss, a complaint alleging implied false certification must plead with particularity allegations that provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation.

*Ebeid*, 616 F.3d at 998.  Relator must provide either representative examples of false claims, or "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."  *Id.* at 998-99.

### 1.    Relator fails to identify specific contractual requirements that were implicated in submitting a claim under any federal contract.

Liability exists under the implied certification theory only when the certification of compliance with the obligation at issue is an *express* precondition to the receipt of government

---

[5] FAR 9.602 applies to a contractor team arrangement ("CTA"), "an arrangement in which—(1) Two or more companies form a partnership or joint venture to act as a potential prime contractor; or (2) A potential prime contractor agrees with one or more other companies to have them act as its subcontractors under a specified Government contract or acquisition program." FAR 9.601.  Relator has not alleged that Sprint participated in a CTA, and the GSA contract itself is not a CTA document.  The FAR provisions mentioned in the GSA contract, moreover, *see* Compl. Ex. D at 7, 10, confirm it is the government purchaser, not the contractor, who is constrained by any applicable best value provisions.  *See* FAR 8.405-1(c) ("Ordering activities shall place orders with the schedule contractor that can provide the supply or service that represents the best value."); FAR 8.405-3(a) ("Ordering activities shall establish the BPA with the schedule contractor(s) that can provide the supply or service that represents the best value."). *See* FAR 8.401 (defining "ordering activities").

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

7                                    Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

funds.  *See Ebeid*, 616 F.3d at 998.  This requirement serves to distinguish between punitive FCA liability and ordinary breaches of contract because it "has to do with whether it is fair to find a false certification or false claim for payment in the first place," and "when payment is not conditioned on a certification of compliance, it is not fair to infer such certification from a mere request for payment."  *See United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 269 (5th Cir. 2010); *United States ex rel. Kelly v. Serco, Inc.*, No. 11cv2975 WQH-RBB, 2014 WL 4988462, at *9 (S.D. Cal. Oct. 6, 2014) ("Even accepting Relator's contractual interpretation, Defendant may have breached the contract, but it has not violated the FCA.").  Relator here does not allege, even in a conclusory fashion, that the certification of compliance with any particular contractual provision was a condition of payment under the GSA Contract—the Complaint fails altogether to address an actual term or condition contained in that Contract—or the Department of Commerce BPA.

### 2.    The Complaint does not plead allegations creating a strong inference that Sprint submitted claims for payment.

Relator does not identify with specificity a single bill submitted by Sprint to a federal agency or a single order placed under the GSA contract or the Department of Commerce BPA.  Nor does he identify with specificity when alleged certifications were made, much less "provide the "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."  *Ebeid*, 616 F.3d at 999.  Under Rule 9(b), the "particular details" of the fraud include "the content of the fraudulent representation, the person who made it, when and where the representation was made, and the manner in which it was untrue and misleading, or the circumstances indicating that it was false."  *Modglin*, 2014 WL 4783575, at *15 (citing *In re GlenFed Secs. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994)).  Relator alleges none of these things—only that, at unspecified times over the course of eight years, it is statistically possible that unspecified bills were submitted to any or all of 700 or more agencies based on unspecified orders placed by those agencies.  These are not the "particular details" *Ebeid* requires.  *See Cafasso*, 637 F.3d at 1057 & n. 10 ("significant" that relator did not allege when defendant submitted allegedly false charges to government for payment, which contracts charges related to, whether charges were

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

actually inflated, or if government paid the charges). An "allegation that defendants made the certifications on unspecified dates in unspecified years does not satisfy the heightened pleading requirement of Rule 9(b)." *Modglin*, 2014 WL 4783575, at *28.

### 3. The Complaint does not plead with particularity allegations that Sprint was not in compliance with the terms of a federal contract.

Relator does not and cannot allege with particularity that Sprint was out of compliance with its obligations under the GSA contract or the Department of Commerce BPA. The Complaint relies entirely on Sprint's bills to the City to allege that Sprint *may* have had a scheme to defraud the federal government. *See, e.g.*, Compl. ¶¶ 18, 37-43, 45, 50, 53-54, 57-58, 67, 69, 71, 72, 78, 80, 81, 83, 88-89, 92. A Complaint that "identifies a general sort of fraudulent conduct but specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude." *Cafasso*, 637 F.3d at 1057.

It is not surprising that Relator lacks information from which he could even attempt to plead a legitimate certification claim: "[T]he FCA is geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government." *Ebeid*, 616 F.3d at 999 ("To jettison the particularity requirement simply because it would facilitate a claim by an outsider is hardly grounds for overriding the general rule."). Relator is not such a person—he is not an "insider" at Sprint, but an outsider who brings a "parasitic" complaint. *Seal 1 v. Seal A*, 255 F.3d 1154, 1158 (9th Cir. 2001) ("The compensation available to relators . . . encourages parasitic lawsuits in which those with no independent knowledge of fraud use information already available to the government to reap rewards for themselves without exposing any previously unknown fraud."). His allegations of non-compliance reflect that status as well, as they are speculative and conclusory and not pleaded with any particularity.

### C. Relator At Most Alleges Mere Contract Breaches.

Relator's allegations of a "false claim" suffer from a third incurable defect—they do not describe false claims, but at most potential contract breaches, for example the alleged failure to provide certain reports or pricing information to the government. Relator alleges those breaches without any supporting facts and in conclusory fashion, by simply identifying what he believes to be

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Sprint's obligations under the GSA contract or Department of Commerce BPA, then rotely alleging those obligations were not met.  *See, e.g.*, Compl. ¶¶ 31-36, 45-50, 54, 56, 61.  Relator's allegations of breach of contract would not state a claim under the FCA even were they adorned with the requisite particularity.

To constitute a "false or fraudulent claim" the alleged statement or submission must be an "objective falsehood."  *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 378 (4th Cir. 2008) (citation omitted); *United States ex rel. Haight v. Catholic Healthcare W.*, No. CV-01-2253-PHX-FJM, 2007 WL 2330790, at *2 (D. Ariz. Aug. 14, 2007).  A breach of contract is not an objective falsehood.  "Although a breached contractual term may be considered a falsehood in a looser sense—a false promise—a mere breach of a contractual duty does not satisfy [the 'objective falsehood'] standard."  *United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 836 (7th Cir. 2011); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("[F]ailing to keep one's promise is just breach of contract . . . .").  As such, an alleged breach of a contractual duty, standing alone, cannot support false-claims liability.  *See United States ex rel. Owens v. First Kuwaiti Gen. Trading Contracting Co.*, 612 F.3d 724, 734 (4th Cir. 2010); *Wilson*, 525 F.3d at 378 (affirming dismissal because FCA's "false or fraudulent" requirement "surely cannot be construed to include a run-of-the-mill breach of contract action that is devoid of any objective falsehood"); *United States ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999) ("[D]ifferences in interpretation growing out of a disputed legal question are . . . not false under the FCA.").

In *Cafasso*, the Ninth Circuit affirmed the dismissal of an FCA claim in which the relator alleged the defendant had withheld information relating to inventions the defendant was contractually obligated to license to the government.  637 F.3d at 1052-58.  The Court held:

> *Cafasso's allegations that GDC4S did not comply with [the contract's] disclosure requirements, and that GDC4S received payment from the United States pursuant to [the contract], in essence fault GDC4S for allegedly breaching its contractual obligations.*  But "breach of contract claims are not the same as fraudulent conduct claims, and the normal run of contractual disputes are not cognizable under the [FCA]."  To be sure, Cafasso's complaint alleges unsavory conduct.  But unsavory conduct is not, without

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

more, actionable under the FCA.

*Id.* at 1057 (emphasis added) (citations omitted).

So too here.  Because Relator's claims at most consist of "garden-variety issues of contractual performance," *Owens*, 612 F.3d at 734, and "mere allegations of poor and inefficient management of contractual duties," *Wilson*, 525 F.3d at 377, they are not cognizable under the FCA.[6]  None of the actual parties to the contracts have alleged that Sprint breached those contracts, and "Relators' subjective interpretation of [Sprint's] contractual duties" does not give rise to FCA liability.  *Id.* at 378 ("An FCA relator cannot base a fraud claim on nothing more than his own interpretation of an imprecise contractual provision.  To hold otherwise would render meaningless the fundamental distinction between actions for fraud and breach of contract."); *see also Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1477 (9th Cir. 1996).

## II.  THE COMPLAINT DOES NOT ADEQUATELY PLEAD SCIENTER.

Relator does not plead facts establishing that Sprint "knowingly" submitted a false claim—he alleges only that Sprint was noncompliant with its contracts and, on "information and belief," that false claims were "knowingly" submitted.  *See, e.g.*, Compl. ¶¶ 62, 64, 83, 95.[7]  Plaintiff must do more, even at the pleadings stage, than rotely allege "actual knowledge."  *Iqbal*, 556 U.S. at 686-87; *see Pilecki-Simko*, 443 F. App'x at 760-61 (affirming dismissal where relators alleged defendant violated and certified compliance with agreement but did not state plausible claim that defendant *knew* its claims were false); *Modglin*, 2014 WL 4783575, at *29 ("[N]one of the facts relators plead support their conclusory allegation that defendants knowingly submitted false claims."); *Stone*, 2012 WL 5877544, at *1.  "In the absence of any factual allegations supporting [R]elator['s] argument

---

[6] *Accord Cintas Corp.*, 2008 WL 1767039, at *10 ("Unite Here suggests that any invoice submitted by a contractor to the government can be considered a certification that the contractor has complied with all the terms of the contract, and that if there is any deviation from the terms of the contract, the contractor has submitted a false claim for FCA purposes.  As Cintas notes, however, that would mean any breach of contract would provide a basis for an FCA action.").

[7] It is a prerequisite to FCA liability that the defendant have "*knowingly* present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval" or "*knowingly* ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim."  31 U.S.C. § 3729 (a)(1)(A), (B) (emphasis added).  To act "knowingly" is to act with actual knowledge of the information or in deliberate ignorance, or in reckless disregard, of the truth or falsity of the information.  *Id.* § 3729(b)(1)(A).

that defendants acted with the requisite scienter, [a] lone allegation in the complaint that defendants [acted knowingly] . . . is too conclusory to plead a plausible claim for relief under Rule 8(a)." *Modglin*, 2014 WL 4783575, at *30.

Nor could Plaintiff sufficiently plead scienter in any event—there is *no* set of facts he *could* plead that would establish it.  Under the "government knowledge" doctrine, "[i]f the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim."  *United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d 542, 545 (7th Cir. 1999); s*ee also First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d at 729 ("Evidence that the government officials were aware of any alleged defects and accepted [the defendant contractor's] work anyway effectively negates the fraud or falsity required by the FCA."); *United States ex rel. Stierli v. Shasta Servs., Inc.*, 440 F. Supp. 2d 1108, 1113 (E.D. Cal. 2006) ("[T]here cannot be a knowing presentation of a false claim for payment where the government is fully aware of the facts surrounding the claim and approves it.").

Relator contends that Sprint failed to provide the government with certain reports and information—in other words, that Sprint failed to comply with (alleged) contract provisions that (allegedly) required Sprint to communicate directly with the government.  *See, e.g.*, Compl. ¶¶ 32, 47-48, 58-59.  This accordingly is not a case in which the government was unaware, and unable to determine absent a certification of compliance, whether the contract counterparty was performing under the contract.  Nor is it a case where further development of the record is necessary to determine the extent of the government's knowledge.  To the contrary, Relator alleges performance failures of which the government *necessarily and contemporaneously* would have known.  Given these allegations, one of the following must be true regarding Sprint's contract performance.  Either (i) Sprint provided the services it contracted to provide under the GSA contract and Department of Commerce BPA, in which case there is no false claim, or (ii) Sprint did not provide these services, but in which case the government agencies necessarily must have known of Sprint's alleged performance failures, negating scienter.  *See United States v. Southland Mgmt. Corp.*,  326 F.3d 669, 683 (5th Cir. 2003) (Jones, J., concurring) (scienter lacking where government had knowledge of

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

alleged nonconformities, but still paid defendants' invoices); *see also United States v. Southland Mgmt. Corp., Inc.*, 95 F. Supp. 2d 629, 639 (S.D. Miss. 2000).

## III.   THE COMPLAINT DOES NOT ADEQUATELY PLEAD MATERIALITY.

Relator has not alleged that "the false statement or course of conduct" was "material to the government's decision to pay out moneys to the claimant." *Ebeid*, 616 F.3d at 997.  "[M]ateriality is satisfied under [the implied certification theory] only where compliance is 'a *sine qua non* of receipt of state funding.'"  *Id.* at 998; *see also Maa v. Ostroff*, No. 12-cv-00200, 2013 WL 1703377, at *17 (N.D. Cal. Apr. 19, 2013) (plaintiff asserting implied certification claim must "allege facts showing that false certifications . . . were essential to the government's decision to pay the . . . claim").

Relator does not identify any law or regulation or provision in the GSA contract or Department of Commerce BPA that, in turn, expressly conditions payment on compliance with any law, regulation, or allegedly breached contractual provision.  Whether payment is expressly conditioned upon compliance "is evidence of what the government considers to be material when making its decision to pay out . . . claims." *Maa*, 2013 WL 1703377, at *18; *see also Ebeid*, 616 F.3d at 1000 (considering whether statutes expressly condition payment upon compliance in evaluating materiality); *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1270-71 (D.C. Cir. 2010) ("[E]xpress . . . language specifically linking compliance to eligibility for payment may well constitute dispositive evidence of materiality . . . .").  In *Maa*, the court on a motion to dismiss found certain regulatory provisions the defendants allegedly violated to be immaterial because, *inter alia*, they did "not expressly condition payment upon compliance" with those regulations.  2013 WL 1703377, at *19.  For the same reason, sufficient allegations of materiality are absent from Relator's Complaint.

Further dispositive is that the "government knowledge" doctrine alternatively, and again incurably, *see supra* Part II, precludes any finding of materiality.  "If the government would have paid the claims despite knowing that the contractor has failed to comply with certain regulations, then there is no false claim for purposes of the FCA."  *United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1219 (10th Cir. 2008).  As discussed above, the government

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

*necessarily* was aware of the alleged failures of performance (by their very nature); this by definition is not a case in which the alleged false claims could even arguably have been hidden from the government.  That the government paid Sprint's invoices despite having such knowledge further demonstrates that Sprint's alleged false claims were irrelevant to the government's payment decisions and not material.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 782, 789 (4th Cir. 1999) ("The DOE was aware of the terms of the contract—it could have objected to the inclusion of procedure development costs if it had believed that such work was not authorized.").

## IV. THE COMPLAINT DOES NOT ADEQUATELY PLEAD A GOVERNMENT PAYMENT.

Relator lastly has not pleaded that the government actually paid money or forfeited money due in response to the submission of such a claim.  *See Cafasso*, 637 F.3d at 1057 (affirming dismissal of FCA claim where, *inter alia*, relator did not allege that "government even paid the charges").  Relator has not identified any orders, purchasing agencies, bills, contract terms, or payments at issue.  The Complaint alleges only that as many as 701+ agencies that were eligible to use the GSA Contract *may* have overpaid Sprint.  These conclusory and speculative allegations do not suffice.

## V. RELATOR'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Relator's Complaint should be dismissed with prejudice, as amendment would be futile: There is no set of facts that Relator *could* plead that would permit him to state an FCA claim and that, if true, would entitle him to relief.  *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485-86 (9th Cir. 2008) ("Leave to amend need not be granted, however, where the amendment would be futile."). It is apparent from his Complaint that Relator, at most, can allege no more than run-of-the-mill breach of contract claims (if that), which are not cognizable under the FCA.  It is further apparent from his Complaint that, under the "government knowledge" doctrine, Sprint could not have acted with scienter in submitting the alleged false claims and that the alleged false claims themselves were not material to the government's payment decision (as the government necessarily would have been aware of the alleged failures of performance under the contract and nonetheless paid the claims).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

14

Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT

## <u>CONCLUSION</u>

The Court should dismiss Relator's Complaint in its entirety with prejudice.

Dated:  February 3, 2015

**BAKER & McKENZIE LLP**
Colin H. Murray
Brian K. Tomkiel


By:  /s/ Brian K. Tomkiel
    Brian K. Tomkiel
Attorneys for Defendants
SPRINT COMMUNICATIONS COMPANY L.P.,
SPRINT SPECTRUM L.P., and
SPRINT SOLUTIONS, INC.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Case No. CV 13 4476 (CRB)

DEFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT